1

2

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9

10

11

12

13

14

| | |
|---|---|
| **SAN LUIS & DELTA-MENDOTA WATER AUTHORITY,**<br><br>            **Plaintiff,**<br><br>      **v.**<br><br>**The U.S. DEPARTMENT OF THE INTERIOR; and the OFFICE OF THE SOLICITOR of the U.S. DEPARTMENT OF THE INTERIOR,**<br><br>            **Defendants.** | **1:15-cv-01412 LJO EPG**<br><br>**MEMORANDUM DECISION AND ORDER DENYING IN PART FEDERAL DEFENDANTS' MOTION TO DISMISS AND REQUESTING SUPPLEMENTAL BRIEFING (Doc. 12).** |

15

16

17

18

19

20

21

22

23

24

25

## I. INTRODUCTION

This is a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, suit brought by the San Luis & Delta Mendota Water Authority ("the Authority" or "Plaintiff") against the U.S. Department of the Interior ("Interior" or "Department") and Interior's Office of the Solicitor ("Solicitor's Office") (collectively, "Federal Defendants"). Plaintiff previously filed a separate lawsuit against Interior's Bureau of Reclamation ("Reclamation") concerning Reclamation's decision to make certain flow augmentation releases ("FARs") from the Trinity River Division of the Central Valley Project to increase flows in the lower Klamath River in August and September for the benefit of migrating salmon. *See San Luis & Delta-Mendota Water Auth. v. Jewell*, Case No. 1:13-cv-1232 LJO EPG ("*Jewell I*"). In October 2014, this Court ruled in *Jewell I* that Reclamation had not provided a valid legal basis for

1

1   making the FARs challenged in that lawsuit. Among other things, the Court concluded that proviso 1 of

2   Section 2 of the Act of August 12, 1955 ("1955 Act"), Pub. L. No. 84-386, 69 Stat 719, on which

3   Reclamation relied, did not authorize the FARs. *See San Luis & Delta-Mendota Water Auth. v. Jewell*,

4   52 F. Supp. 3d 1020 (E.D. Cal. 2014), *appeal docketed* No. 14-17529 (9th Cir. Dec. 26, 2014) That

5   decision is currently on appeal.

6          On December 23, 2014, Hilary C. Tompkins, the Solicitor of Interior, issued Solicitor's Opinion

7   No. M-37030 ("Solicitor's Opinion"), which sets forth an interpretation (or re-interpretation) of proviso

8   2 of Section 2 of the 1955 Act and concludes that proviso 2 authorizes the FARs. First Amended

9   Complaint ("FAC"), Doc. 8, at ¶¶ 18-19. Reclamation relied upon the Solicitor's Opinion to make FARs

10  again in 2015. *Id*. at ¶¶ 22-24. Plaintiff filed another lawsuit against Reclamation, challenging, among

11  other things, the determination that proviso 2 provides the necessary authority for the FARs. *San Luis &*

12  *Delta-Mendota Water Auth. v. Jewell*, Case No. 1:15-cv-1290 LJO EPG ("*Jewell II*").

13         On March 3, 2015, Plaintiff filed several FOIA requests with Interior, including one directed to

14  the Solicitor's Office, seeking, among other documents, records related to the Solicitor's Opinion. FAC

15  at ¶ 27. On September 17, 2015, Plaintiff filed this lawsuit, alleging, among other things, that Federal

16  Defendants did not timely respond to Plaintiff's FOIA requests. Doc. 1. It is undisputed that the

17  Solicitor's Office responded to the FOIA request in late October 2015 and updated that response in early

18  November 2015. Declaration of Carter L. Brown ("Brown Decl."), Doc. 12-2, at ¶¶ 7-8. While the

19  Solicitor's Office released certain records, others were withheld under at least one FOIA exemption.[1]

20  *See generally* Brown Decl., Doc. 12-2, and Exhibits.

21         Before the Court for decision is Federal Defendants' motion to dismiss or in the alternative for

22  summary judgment. Doc. 12.[2] The matter was taken under submission on the papers without oral

23  _____

24  [1] FOIA generally requires agencies to make records promptly available upon request, *see* 5 U.S.C. § 552(a)(3)(A), but
    exempts from disclosure nine categories of documents, § 552(b), including "inter-agency or intra-agency memorandums or
25  letters which would not be available by law to a party other than an agency in litigation with the agency." § 552(b)(5).
    [2] The Court has stayed briefing on Plaintiff's cross-motion for summary judgment. *See* Docs. 14, 20 & 23. That stay remains

1   argument pursuant to Local Rule 230(g).

2   ## II. DISCUSSION

3   Federal Defendants argue that the Court lacks subject matter jurisdiction over the case because

4   Plaintiff's claims are moot. Doc. 12-1 at 8. An issue is moot "when the issues presented are no longer

5   'live' or the parties lack a legally cognizable interest in the outcome." *City of Erie v. Pap's A.M.*, 529

6   U.S. 277, 287 (2000). "The underlying concern is that, when the challenged conduct ceases such that

7   there is no reasonable expectation that the wrong will be repeated, then it becomes impossible for the

8   court to grant any effectual relief whatever to the prevailing party." *Id.* (internal citations and quotations

9   omitted). If the parties cannot obtain any effective relief, any opinion about the legality of a challenged

10  action is advisory. *Id.* "Mootness has been described as the doctrine of standing set in a time frame: The

11  requisite personal interest that must exist at the commencement of the litigation (standing) must continue

12  throughout its existence (mootness)." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22

13  (1997) (internal citation and quotation omitted). "[A]n actual controversy must be extant at all stages of

14  review, not merely at the time the complaint is filed." *Id.* at 67. "The party asserting mootness has a

15  heavy burden to establish that there is no effective relief remaining for a court to provide." *In re*

16  *Palmdale Hills Property, LLC*, 654 F.3d 868, 874 (9th Cir. 2011). Mootness is evaluated on a claim-by-

17  claim basis. *San Luis & Delta-Mendota Water Auth. v. Jewell*, 52 F. Supp. 3d 1020, 1045 (E.D. Cal.

18  2014).[3]

19  To prevail in a FOIA action, a plaintiff must show "that an agency has (1) 'improperly'; (2)

20  'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S.

21  136, 150 (1980). Each of these criteria must be met before a district court can force the agency to

22  

23  in effect. In the interest of fairness, the Court interprets its own stay as extending also to Federal Defendants' alternative motion for summary judgment.

24  [3] Even if a case or claim is technically moot, it may nevertheless be judiciable if one of three exceptions to the mootness doctrine applies: (1) where a plaintiff "would suffer collateral legal consequences if the actions being appealed were allowed to stand"; (2) where defendant voluntarily ceased the challenged practice; and (3) for "wrongs capable of repetition yet

25  evading review." *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 964-66 (9th Cir. 2007). No party suggests any of these exceptions applies here.

comply with the FOIA request. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). The

Ninth Circuit has held that an action for production of documents pursuant to FOIA becomes moot once

the requested documents have been produced, regardless of when they are produced. *E.g.*, *Papa v.*

*United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) ("[T]he production of all nonexempt material,

'however belatedly,' moots FOIA claims.") (citations omitted). However, this only pertains where it is

undisputed that all records in existence that must be produced have been produced. *See id.* (refusing to

find FOIA claim moot where "defendants . . .have cited nothing in the record certifying that all the

records in existence that must be produced have been produced"). To moot a FOIA claim "the agency's

production must give the plaintiff everything to which he is entitled." *Yonemoto v. Dep't of Veterans*

*Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) (internal citation omitted). "Otherwise, there remains some

effective relief that can be provided the plaintiff, and the case is not moot." *Id.* (internal citation and

quotation omitted). "A FOIA claim is not moot, for example, if the agency produces what it maintains

[are] all the responsive documents, but the plaintiff challenges whether the agency's search for records

was adequate." *Id.* (citing *Nw. Univ. v. Dep't of Agric.*, 403 F. Supp. 2d 83, 85-86 (D.D.C. 2005)); 5

U.S.C. § 552(a)(3)(C)-(D) (requiring agencies to conduct a search reasonably calculated to uncover all

records responsive to the request)).

    Federal Defendants argue that both of the claims in the FAC are moot. Plaintiff's first claim

alleges that Federal Defendants have failed to make a determination whether to comply with a request

for records, in violation of FOIA's requirement that an agency make such a determination within 20

business days of receipt of a request under normal circumstances and within 30 days under "unusual

circumstances." 5 U.S.C. § 552(a)(6)(A)-(B); 43 C.F.R. §§ 2.16, 2.19. FAC at ¶¶ 39-46. The second

cause of action alleges that Federal Defendants have failed to promptly make records available in

violation of 5 U.S.C. § 552(a)(3)(A), FAC at ¶¶ 47-54, and, more specifically, that "Defendants are

unlawfully withholding responsive records…in violation of FOIA." *Id.* ¶ 48.

    The original complaint was filed September 17, 2015, Doc. 1; the FAC was filed October 9,

1   2015, Doc. 8. It is undisputed that the Solicitor's Office produced some responsive documents in late

2   October 2015, and two additional records and a Vaughn index detailing withheld records in early

3   November 2015. Plaintiff does not dispute and the Court finds that its claim regarding Federal

4   Defendants' failure to make a timely determination is moot.[4]

5          Plaintiff does maintain that a live controversy exists with regard to whether Federal Defendants

6   are unlawfully withholding responsive records. Doc. 13 at 11. Specifically, Plaintiff asserts Federal

7   Defendants are improperly claiming that several hundred responsive records are exempt from disclosure.

8   *See* Doc. 13 at 11 (citing Doc. 12-2 at 24-26). Federal Defendants do not dispute the legal proposition

9   that an improper withholding claim would not be moot under these circumstances. *See generally* Doc.

10  18. Rather, Federal Defendants suggest that the FAC does not raise properly the issue of whether the

11  Solicitor has withheld unlawfully certain documents. *Id*. at 3-4. Federal Defendants acknowledge that

12  the FAC alleges they are "unlawfully withholding responsive records from [Plaintiff] in violation of

13  FOIA," *see id*. at 3 (citing FAC at ¶ 48), but maintain that this allegation is insufficient because "[r]ead

14  in the context of the entire FAC," this allegation "refers to the fact that the Department had not produced

15  any Solicitor's Office records." *id*. at 3 (emphasis added).[5] To the extent Federal Defendants are

16  attempting to suggest the FAC does not place them on notice of an improper withholding claim, the

17  Court disagrees. The FAC is pleading alternative theories, a permissible strategy. *See* Fed. R. Civ. P.

18  8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically,

19  either in a single count or defense or in separate ones. If a party makes alternative statements, the

20  _____

21  [4] Confusingly, elsewhere in its opposition, in response to Federal Defendants' motion to dismiss for failure to state a claim,
    Plaintiff does maintain that the FAC contains well-pleaded factually allegations regarding the allegation that the Solicitor's

22  Office failed to promptly make records available. *See* Doc. 13 at 15. Because this claim is moot, the Court does not have
    jurisdiction to consider it.

23  [5] Federal Defendants' citation to *Hajro v. U.S. Citizenship and Immigration Services*, 807 F.3d 1054 (9th Cir. 2015), is
    essentially a non-sequitur. Federal Defendants are correct that *Hajro* stands for the proposition that a plaintiff can bring two
    forms of FOIA claims against an agency: "a suit where a plaintiff attacks a specific agency action for (1) improperly (2)

24  withheld (3) agency records," and a "pattern or practice claim," which is a "claim that an agency policy or practice will
    impair the party's lawful access to information in the future." *Id*. at 1070. In *Hajro*, the Ninth Circuit discussed circumstances

25  in which a plaintiff may maintain a pattern or practice claim even when his or her specific FOIA request has been mooted. *Id*.
    This begs the question, however, as to whether the specific FOIA claim has been mooted in the first place.

1    pleading is sufficient if any one of them is sufficient."). While the primary thrust of the FAC amounts to

2    a challenge to the agency's initial (alleged) non-responsiveness to Plaintiff's FOIA request, Plaintiff

3    clearly also challenges anticipated assertions of privilege/FOIA exemptions. *See* FAC at ¶ 27

4    ("Defendants have waived any otherwise applicable attorney client privilege, attorney work product

5    protection, deliberative process privilege, or other privilege, for all other records regarding the same

6    subject matter as the Opinion, including prior drafts of the Opinion, other memoranda related to the

7    subject of the Opinion, and any related inter- or intra-agency communications.").

8         However, this does not necessarily mean that Plaintiff's unlawful withholding claim is

9    cognizable at this time. In Reply, Federal Defendants raise the issue of exhaustion, albeit in an oblique

10   manner. Doc. 18 at 2 (pointing out that when an agency does not meet FOIA's time limits for

11   responding to a request, a plaintiff may sue without first exhausting administrative remedies). In FOIA

12   cases "[e]xhaustion of administrative remedies is generally required before seeking judicial review so

13   that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a

14   factual record to support its decision." *Wilbur v. C.I.A.*, 355 F.3d 675, 677 (D.C. Cir. 2004) (internal

15   citation and quotation omitted); *In re Steele*, 799 F.2d 461, 465 (9th Cir. 1986) ("Exhaustion of a

16   parties' administrative remedies is required under FOIA before that party can seek judicial review.").

17   "Although exhaustion of a FOIA request is not jurisdictional because the FOIA does not unequivocally

18   make it so, still as a jurisprudential doctrine, failure to exhaust precludes judicial review if the purposes

19   of exhaustion and the particular administrative scheme support such a bar." *Wilbur*, 355 F.3d at 677

20   (finding strict adherence to exhaustion procedures was not a prerequisite to judicial review where

21   agency considered FOIA appeal and issued a final decision upholding agency's prior determination).

22   "[W]here no attempt to comply fully with agency procedures has been made," a Court may assert lack of

23   jurisdiction under the exhaustion doctrine, although certain prudential considerations, such as futility,

24   may warrant departure from this general rule. *See In re Steele*, 799 F.2d at 466; *see also Hull v. I.R.S.*,

25   656 F.3d 1174, 1182 (10th Cir. 2011) (reviewing authorities, concluding the majority of circuits have

1  found exhaustion to be a prudential doctrine in FOIA cases, and interpreting the Ninth Circuit's decision

2  in *In re Steele* as suggesting the FOIA exhaustion doctrine is "closer to a prudential consideration than a

3  jurisdictional requirement").

4       The exhaustion situation is all the more complicated in this case because of the timing of the

5  agency's response. A recent, unpublished Western District of Kentucky decision summarizes the

6  relevant authorities:

> [A]n individual making a FOIA request shall be deemed to have constructively exhausted his administrative remedies if the agency fails to respond within the statutory time limitations. 5 U.S.C. § 552(a)(6)(C)(i). In this case, Texas Roadhouse "actually and constructively exhausted [its] administrative remedies as to [its] original claim that the [EEOC] failed to timely respond" to FOIA Requests 1 through 3. *Miller [v. Federal Elections Comm'n]*, 2013 WL 4243044, *4 [(S.D. Ohio Aug. 15, 2013)].

> While it is clear that the constructive exhaustion provision allows a person making a FOIA request to break out of the administrative process and proceed directly to federal court in the face of an unresponsive agency, the difficulty arises when the agency responds after the lawsuit is initiated. As recognized by the district court in *Miller*, "the FOIA statute does not appear to directly address this situation where a plaintiff exhausted [its] original claim that the agency failed to timely respond to a FOIA request, but then seeks to amend the claim to allege that the agency improperly applied FOIA statutory exemptions when responding to that request after the lawsuit was filed." *Miller*, 2013 WL 4243044, *5. "Federal courts require a person who submitted a FOIA request to exhaust administrative remedies when the agency responded to the request in an untimely manner, but before a lawsuit was initiated." *Id.* (citing *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 63-64 (D.C. Cir. 1990); *Percy Squire [Co. LLC v. FCC]*, 2009 WL 2448011, *4 [(S.D. Ohio Aug. 7 2009)]. *See also Pollack v. Department of Justice*, 49 F.3d 115, 118 (4th Cir.1995). In *Miller*, the district court adopted that same approach where an agency responds to a FOIA request during the pendency of the litigation holding that the plaintiff first should appeal administratively to the agency its decision to redact and withhold certain responsive documents pursuant to statutory exemptions. *Miller*, 2013 WL 4243044, *5 (citing *Muset v. Ishimaru*, 783 F. Supp. 2d 360, 372 (E.D.N.Y. 2011)). The district court concluded that "[t]he [agency] should be given the opportunity to use its expertise to review its initial exemption decisions and correct any errors prior to a review by the Court." *Id.*

> Likewise, the district court in *Muset*, [] 783 F. Supp. 2d [at] 372 [], reached a similar conclusion. Muset initiated a FOIA request on July 28, 2007, and filed a complaint on October 1, 2007 and an amended complaint

on January 17, 2008 when he had not received responsive documents. Id. at 366. In May of 2008, the IRS produced 412 responsive documents, including 325 pages with redactions, and withheld 64 responsive documents indicating that it was withholding the information pursuant to FOIA exemptions. Id. The district court found that the FOIA claim was moot to the extent that the plaintiff received responsive documents. Id. at 372. "However, the court also held that Muset had to 'first appeal directly to the IRS before seeking federal relief' to the extent he wished to challenge the IRS regarding the documents that were withheld or redacted." Miller, 2013 WL 4243044, *5 (quoting Muset, 783 F. Supp. 2d at 372 and citing ACLU of Mich. v. F.B.I., 2012 WL 4513626, *4 (E.D. Mich. September 30, 2012) (finding that a plaintiff exhausted the FOIA issues which it asserted in an administrative appeal, but failed to exhaust the FOIA issue-whether the agency had made an adequate records search-which it had not asserted in the administrative appeal)).

Texas Roadhouse, Inc. v. E.E.O.C., No. 3:14CV-652-JHM, 2015 WL 925894, at *4-5 (W.D. Ky. Mar. 3, 2015). The Texas Roadhouse court found that the plaintiff was first required to appeal to the agency that agency's decision to redact or withhold certain documents pursuant to FOIA exemptions. Id. at *6. "In as much as the complaint and amended complaint could be construed as asserting a claim that the EEOC wrongfully applied exemptions to redact and withhold documents," the court dismissed without prejudice the FOIA claims so that the plaintiff could administratively exhaust those claims. Id.

Although the Court believes a similar result is likely appropriate here, because the issue of exhaustion has not been briefed with any clarity and was raised for the first time in Reply, the Court will permit the parties a brief opportunity to address the issue as set forth below.[6]

### III. CONCLUSION AND ORDER

For the reasons set forth above:

(1) Federal Defendants' motion to dismiss for lack of subject matter jurisdiction on the ground that Plaintiff's claims are moot is DENIED.

(2) Plaintiff shall have seven days from electronic service of this order to file a brief no longer

---

[6] Because the issue of exhaustion is at least quasi-jurisdictional, it is inappropriate for the Court to turn to the merits of this case at this time. Accordingly, the remaining issues presented in the motion to dismiss will be held in abeyance and the motion for summary judgment will remain stayed.

than seven pages in length addressing the issue of administrative exhaustion. Alternatively, Plaintiff may file a notice of non-opposition to dismissal without prejudice.

(3) If Plaintiff files a substantive brief addressing administrative exhaustion, Defendant shall have an additional seven days to file a response no longer than seven pages in length addressing the issue of administrative exhaustion only.

**IT IS SO ORDERED**
**Dated: January 6, 2016**

**/s/ Lawrence J. O'Neill**
**United States District Judge**