1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

8
9
10
11
12
13
14
15

| | |
|---|---|
| SAN LUIS & DELTA-MENDOTA WATER AUTHORITY,<br><br>       Plaintiff,<br><br>    v.<br><br>The U.S. DEPARTMENT OF THE INTERIOR; and the OFFICE OF THE SOLICITOR of the U.S. DEPARTMENT OF THE INTERIOR,<br><br>       Defendants. | 1:15-cv-01412-LJO-EPG<br><br>**MEMORANDUM DECISION AND ORDER GRANTING IN PART FEDERAL DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (Doc. 12).** |

16

## I. <u>INTRODUCTION</u>

17
18
19
20
21
22
23
24
25

This is a Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, suit brought by the San Luis & Delta Mendota Water Authority ("the Authority" or "Plaintiff") against the U.S. Department of the Interior ("Interior" or "Department") and Interior's Office of the Solicitor ("Solicitor's Office") (collectively, "Federal Defendants"). Plaintiff previously filed a separate lawsuit against Interior's Bureau of Reclamation ("Reclamation") concerning Reclamation's decision to make certain flow augmentation releases ("FARs") from the Trinity River Division of the Central Valley Project to increase flows in the lower Klamath River in August and September for the benefit of migrating salmon. *See San Luis & Delta-Mendota Water Auth. v. Jewell*, Case No. 1:13-cv-1232-LJO-EPG ("*Jewell I*"). In October 2014, this Court ruled in *Jewell I* that Reclamation had not provided a valid legal basis for

1

1  making the FARs challenged in that lawsuit. *See San Luis & Delta-Mendota Water Auth. v. Jewell*, 52 F.

2  Supp. 3d 1020, 1070 (E.D. Cal. 2014), *appeal docketed* No. 14-17529 (9th Cir. Dec. 26, 2014). Among

3  other things, the Court concluded that proviso 1 of Section 2 of the Act of August 12, 1955 ("1955

4  Act"), Pub. L. No. 84-386, 69 Stat 719, on which Reclamation relied, did not authorize the FARs. *See*

5  *id.*That decision is currently on appeal.

6  On December 23, 2014, Hilary C. Tompkins, the Solicitor of Interior, issued Solicitor's Opinion

7  No. M-37030 ("Solicitor's Opinion"), which sets forth an interpretation (or re-interpretation) of proviso

8  2 of Section 2 of the 1955 Act and concludes that proviso 2 authorizes the FARs. First Amended

9  Complaint ("FAC"), Doc. 8, at ¶¶ 18-19. Reclamation relied upon the Solicitor's Opinion to make FARs

10  again in 2015. *Id*. at ¶¶ 22-24. Plaintiff filed another lawsuit against Reclamation, challenging, among

11  other things, the determination that proviso 2 provides the necessary authority for the 2015 FARs. *San*

12  *Luis & Delta-Mendota Water Auth. v. Jewell*, Case No. 1:15-cv-1290-LJO-EPG ("*Jewell II*").

13  On March 3, 2015, Plaintiff filed several FOIA requests with Interior, including one directed to

14  the Solicitor's Office, seeking, among other documents, records related to the Solicitor's Opinion. FAC

15  at ¶ 27. On September 17, 2015, Plaintiff filed this lawsuit, alleging, among other things, that Federal

16  Defendants did not timely respond to Plaintiff's FOIA requests. Doc. 1 at ¶¶ 3-4. It is undisputed that the

17  Solicitor's Office responded to the FOIA request in late October 2015 and updated that response in early

18  November 2015. Declaration of Carter L. Brown ("Brown Decl."), Doc. 12-2, at ¶¶ 7-8. While the

19  Solicitor's Office released certain records, others were withheld under at least one FOIA exemption.[1]

20  *See generally* Brown Decl., and Exhibits.

21  Before the Court for decision is Federal Defendants' motion to dismiss or in the alternative for

22  summary judgment. Doc. 12.[2] The matter was taken under submission on the papers without oral

---

24  [1] FOIA generally requires agencies to make records promptly available upon request, *see* 5 U.S.C. § 552(a)(3)(A), but exempts from disclosure nine categories of documents, § 552(b), including "inter-agency or intra-agency memorandums or

25  letters which would not be available by law to a party other than an agency in litigation with the agency." § 552(b)(5).
[2] The Court has stayed briefing on Federal Defendants' alternative motion for summary judgment as well as Plaintiff's cross-

2

1

2

3

4

5

argument pursuant to Local Rule 230(g). On January 6, 2016, the Court ruled on the narrow issue of whether Plaintiff's claims were moot, finding that Plaintiff's claim regarding Federal Defendants' failure to make a timely determination as to Plaintiff's FOIA request is moot, but that Plaintiff maintains a live controversy with regard to whether Federal Defendants are unlawfully withholding responsive records. Doc. 26 at 4-6.

6

7

8

9

10

11

12

The Court did not proceed to the merits at that time, however, requesting instead further briefing on the issue of administrative exhaustion. *Id.* at 6-8. Plaintiff's supplemental brief on that issue asserts that administrative exhaustion is not warranted in this case because, among other things, Federal Defendants' belated FOIA response never notified the Authority of a right to administratively appeal. See Doc. 27 at 1-2. In response, Federal Defendants concede that administrative exhaustion should not be required under the circumstances. Doc. 29. Accordingly, the Court will proceed to the merits of Defendant's motion to dismiss.

13

## II. **STANDARD OF DECISION**

14

15

16

17

18

19

20

21

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

22

23

24

To survive a 12(b)(6) motion to dismiss, the plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim

25

motion for summary judgment. *See* Docs. 14, 20 & 23; *see also* Doc. 26 at 2-3 n.2.

1   has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the

2   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

3   662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

4   more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at

5   556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

6   allegations, a Plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

7   than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

8   *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing

9   more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556

10  U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . may not simply

11  recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to

12  give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d

13  1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential

14  allegations respecting all the material elements necessary to sustain recovery under some viable legal

15  theory." *Twombly*, 550 U.S. at 562; *see also Starr*, 652 F.3d at 1216 ("the factual allegations that are

16  taken as true must plausibly suggest an entitlement to relief"). To the extent that the pleadings can be

17  cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss*

18  *and Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

19  ### III. DISCUSSION

20  **A.   Blanket Waiver.**

21          As this Court's January 6, 2106 Order explains, while the primary thrust of the FAC amounts to

22  a challenge to Federal Defendants' initial alleged non-responsiveness to Plaintiff's FOIA request, the

23  FAC also challenges anticipated assertions of privilege/FOIA exemptions. *See* Doc. 26 at 6. Generally,

24  Plaintiff alleges that Defendants are unlawfully withholding responsive records from the Authority in

25  violation of FOIA." FAC at ¶ 48. More specifically, Plaintiff alleges that "Defendants have waived any

otherwise applicable attorney client privilege, attorney work product protection, deliberative process privilege, or other privilege, for all other records regarding the same subject matter as the Opinion, including prior drafts of the Opinion, other memoranda related to the subject of the Opinion, and any related inter- or intra-agency communications." *Id.* at ¶ 47. Plaintiff maintains that a blanket waiver has occurred because Defendants have "intentional[ly] and voluntary[ily] disclos[ed] and use[d] the Opinion for the purpose of justifying the FARs made in 2015, and to defend against claims made in the pending *Jewell II* litigation," which has resulted in "unfairness to [Plaintiff] from the tactical and selective disclosure of the Solicitor's views regarding the subject matter of the Opinion." *Id.* Federal Defendants argue that Plaintiff's blanket waiver theory is invalid as a matter of law and therefore is subject to dismissal for failure to state a claim. Doc. 12-1 at 9-10.

In support of its waiver allegation, Plaintiff references the concept of a "fairness" waiver, citing *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003). In *John Doe*, the Second Circuit reviewed several cases in which a party's assertion of a litigation privilege as to an otherwise privileged document was deemed waived or forfeited because of the unfairness to an adversary of having to defend against the privilege holder's claim without access to pertinent privileged materials that might refute that claim. *Id.* at 303-304. For example, where a criminal defendant proposed to testify that he did not willfully violate the law because, based on advice of counsel, he believed his actions were consistent with the law, "fairness would require that the prosecutor have access to the advice he in fact received from his attorneys because this evidence might impeach his claim of innocent state of mind." *Id.* at 303 (citing *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1990)).

Here, Plaintiff argues that "[a]llowing Defendants to make use of the [Solicitor's] Opinion without requiring the disclosure of related communications would be inherently unfair," in part because "Defendants have used the otherwise privileged advice in the Opinion as a sword – to justify making FARs – while asserting privilege to prevent disclosure of other communications on the same subject matter." Doc. 13 at 19. In an apparent effort to equate the present circumstances to the cases discussed in

5

*John Doe*, Plaintiff asserts that the advice in the Solicitor's Opinion is "otherwise privileged," but fails to explain why this is the case. Departments of the Executive Branch, including the Solicitor's Office, routinely issue opinion letters. Once finalized, such opinions are not privileged; rather, they operate as guidance documents both for the agency and others. *Cf Manning v. United States*, 146 F.3d 808, 814 (10th Cir. 1998) (looking to Solicitor's opinion for guidance). There is nothing inherently "unfair" about an agency's releasing an opinion document of this kind while withholding preliminary versions of the same document. Moreover, in those cases cited in *John Doe* in which fairness was cited as a basis for privilege forfeiture, the unfairness existed <u>within the litigation in question</u>. For example, in *Bilzerian*, the privilege was asserted as part of a motion *in limine* in a criminal case; the unfairness existed because the prosecutor <u>in that case</u> would be prejudiced by the one-sided disclosure of attorney advice. Here, any unfairness that might prejudice Plaintiff would exist solely within the confines of the *Jewell II* litigation. Because *Jewell II* is a case governed by the Administrative Procedure Act's, 5 U.S.C. § 706, record review rules, any legitimate claim of unfairness may be raised in <u>that</u> litigation, during the course of motions to settle the administrative record.

For similar reasons, Plaintiff's citation to *New York Times Co. v. U.S. Department of Justice*, 756 F.3d 100, 116-17 (2d Cir. 2014), is unpersuasive. In that case, the Second Circuit examined the Department of Justice's ("DOJ") assertion of privilege regarding an internal memorandum prepared for DOJ by its Office of Legal Counsel ("OLC") concerning the lawfulness of contemplated targeted killings of a particular Al-Qaida leader. *Id*. The record established that senior Government officials "assured the public that targeted killings are 'lawful' []. . . that OLC advice 'establishes the legal boundaries within which [DOJ] can operate'" and that the DOJ had made public a "White Paper" that revealed nearly all the legal advice contained within the OLC memorandum. *Id*. at 116. Under these circumstances, the Second Circuit concluded a waiver of secrecy and privilege as to the legal analysis in the memorandum had occurred. *Id*.

Here, Plaintiffs assert that the Vaughn index produced by the Solicitor's Office indicates that two

internal memoranda "substantially informed the legal analysis of the Opinion," and that, therefore, waiver akin to that found in *New York Times* has occurred. Doc. 13 at 19. Missing in this case, however, is any allegation that advice contained in the <u>internal</u> (*i.e.*, the non-disclosed) memoranda "establishes the legal boundaries" governing Federal Defendant's implementation of FARs, nor are there any allegations that the content of any public document (including the Solicitor's Opinion itself) revealed nearly all the legal advice contained within any privileged internal memoranda. Put more simply, unlike *New York Times*, this is not a case in which the agency has (1) admitted an internal, otherwise privileged document controls the agency's behavior, and/or (2) revealed large portions of the substance of that otherwise privileged document. *New York Times* is inapposite.

Perhaps more important is the illogic of Plaintiff's position. If Plaintiff is correct that mere issuance of the Solicitor's Opinion waives all privilege with regard to internal memoranda concerning the Solicitor's Opinion, agencies would <u>never</u> be able to benefit from attorney-client, attorney work product, deliberative process, or other privilege protections that are incorporated by reference into FOIA's Exemption 5. *See* 5 U.S.C. § 552(b)(5) (exempting from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"); *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (to qualify for this exemption, "a document must thus satisfy two conditions: its source must be a Government agency, and it must fall within the ambit of a privilege against discovery under judicial standards that would govern litigation against the agency that holds it"). Agencies routinely assert such privileges in connection with preliminary communications and drafts that lead up to the issuance of agency opinions, rules, and decisions. *See Klamath*, 531 U.S. at 8-9 (describing the deliberative process privilege as "rest[ing] on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news," and explaining that "its object is to enhance the quality of agency decisions") (internal citations and quotations omitted). If the mere disclosure of the final product resulted in evisceration of those privileges, the privileges would no

1    longer have any practical effect. The fact that the final (disclosed) product is used to advance an agency

2    goal is to be expected; that such a goal may be adverse to Plaintiff's interest does not diminish the

3    operation of the relevant privileges in any way. Plaintiff's blanket waiver theory fails to state a claim

4    and, therefore, Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED as to

5    this issue. Nothing in the record suggests facts exist that would alter this conclusion. Accordingly, this

6    dismissal is WITHOUT LEAVE TO AMEND as any amendment would be futile.

7         Because Federal Defendants' pending alternative motion for summary judgment and Plaintiff's

8    pending counter-motion for summary judgment focus solely on the "blanket waiver" issue, those

9    motions are DENIED AS MOOT.

10   **B.**    **<u>Challenge to Assertion of Specific Exemptions.</u>**

11        Plaintiff suggests that at least one aspect of their FOIA claim remains viable, namely a claim

12   regarding the "validity of the FOIA exemptions" asserted by Federal Defendants to justify withholding

13   certain documents from FOIA disclosure. *See* Doc. 13 at 16. Plaintiff points to its generic allegation that

14   "Defendants are unlawfully withholding responsive records from the Authority in violation of FOIA,"

15   suggesting that this allegation should permit it to pursue a claim that Federal Defendants are applying

16   improperly FOIA's exemptions to withhold certain documents. *Id*. Apart from arguing that any

17   challenge to the validity of the claimed exemptions is moot – an argument that was rejected by the Court

18   in the January 6, 2016 Order – Federal Defendants do not address this argument in reply. Doc. 18 at 3.

19        Federal Defendants bear the burden of establishing the applicability of FOIA exemptions.

20   *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 688 (9th Cir. 2012) ("When an agency chooses to

21   invoke an exemption to shield information from disclosure, it bears the burden of proving the

22   applicability of the exemption."). In this way, assertion of FOIA exemptions to withhold requested

23   documents is akin to the assertion of an affirmative defense, although a defendant agency need not assert

24   all of the exemptions in its answer. *See Sciba v. Bd. of Governor of Fed. Reserve Sys.*, No. Civ.A. 04-

25   1011, 2005 WL 758260, at *1 (D.D.C. Apr. 1, 2005) (reviewing cases and concluding defendant agency

1  must raise all claims of exemption at some point in the district court proceedings that gives the court an

2  adequate opportunity to consider the claims of exemption). There is no requirement that a plaintiff allege

3  facts in anticipation of an affirmative defense. *Pennsylvania State Police v. Suders*, 542 U.S. 129, 152

4  (2004). At least one district court has found that "[a] plaintiff is not required to allege that the records

5  are not within the exemptions set forth in § 552(b)[,] [because] the statute places the burden of

6  establishing such exemptions on the agency." *Television Wisconsin, Inc. v. N.L.R.B.*, 410 F. Supp. 999,

7  1001 (W.D. Wis. 1976); *cf Huene v. U.S. Dep't of the Treasury*, No. 2:11-CV-02109-JAM, 2012 WL

8  1681940, at *2 (E.D. Cal. May 14, 2012) (permitting challenge to agency assertion of exemptions to

9  proceed even though complaint was filed before documents were produced and therefore could not have

10  alleged with any specificity how Defendants improperly asserted exemptions). This is consistent with

11  the general practice that most exemption challenges are resolved on summary judgment. *Yonemoto*, 686

12  F.3d at 688; *see also Lion Raisins v. U.S. Dept. of Agric.*, 354 F.3d 1072, 1078 (9th Cir. 2004) (FOIA

13  cases require determination of whether a particular set of documents gives an adequate factual basis for

14  decision, which is a question of law). The Court agrees with Plaintiff that the issue of whether Federal

15  Defendants are invoking properly specific FOIA exemptions to withhold documents is raised

16  sufficiently by the allegations in the FAC and remains to be decided.

17  **C.      The Solicitor's Office is a Proper Defendant.**

18          Federal Defendants also argue that the Solicitor's Office is not a proper defendant in this FOIA

19  action. FOIA authorizes a court "to enjoin the agency from withholding agency records and to order the

20  production of any agency records improperly withheld from the complaint." 5 U.S.C. § 552(a)(4)(B). An

21  "agency" is defined as "any executed department, military department, Government corporation,

22  Government controlled corporation, or other establishment in the executive branch of the Government

23  (including the Executive Office of the President), or any independent regulatory agency." *Id.* § 552(f).

24  Federal Defendants maintain that because the Solicitor's Office is a component of the Department, it is

25  not an agency that can be sued separately under FOIA. Doc. 12-1 at 7.

There is some support for this assertion. For example, in *Brown v. U.S. Dep't of Justice*, No. 1:13-CV-01122-LJO, 2015 WL 1237274, at *1 (E.D. Cal. Mar. 17, 2015), this Court adopted findings and recommendations that recommended, among other things, construing a complaint naming the Department of Justice ("DOJ") and the Drug Enforcement Administration ("DEA") as a single defendant as one naming only DOJ, because the DEA is a component branch of DOJ. But, the issue was not thoroughly vetted in *Brown*, and Plaintiff points to numerous cases in which component agencies of Interior have been included as defendants in FOIA lawsuits. *See, e.g.*, *Klamath Water Users Protective Ass'n v. U.S. Dep't of Interior*, 189 F.3d 1034 (9th Cir. 1999) (Bureau of Indian Affairs, Reclamation); *Friends of Blackwater v. U.S. Dep't of Interior*, 391 F. Supp. 2d 115 (D.D.C. 2005) (U.S. Fish and Wildlife Service); *Sierra Club v. U.S. Dep't of Interior*, 384 F. Supp. 2d 1 (D.D.C. 2004) (United States Geological Service, U.S. Fish and Wildlife Service); *INFORM v. Bureau of Land Management*, 611 F. Supp. 2d 1178 (D. Co. 2009) (Bureau of Land Management); *Evans v. U.S. Dep't of Interior*, __ F. Supp. 3d __, 2015 WL 5692114 (N.D. Ind. Sept. 28, 2015) (National Park Service). These cases establish, at a bare minimum, that inclusion in a FOIA suit of component branches of an executive agency is routine. Absent affirmative authority suggesting inclusion of such component branches as defendants is improper, which Federal Defendants have not provided and the Court has been unable to locate, the Court will not dismiss the Solicitor's Office as a defendant at this time. Federal Defendants' motion is DENIED WITHOUT PREJUDICE as to this issue.

## IV. <u>CONCLUSION AND ORDER</u>

For the reasons set forth above:

(1) Plaintiff's blanket waiver theory fails to state a claim and, therefore, Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED WITHOUT LEAVE TO AMEND as to this issue ONLY; other aspects of Plaintiff's FOIA claim remain to be decided;

(2) Because Federal Defendants' pending alternative motion for summary judgment and Plaintiff's pending counter-motion for summary judgment, Doc. 14, focus solely on the "blanket

waiver" issue, those motions are DENIED AS MOOT;

      (3) Likewise, Federal Defendants' motion to strike Plaintiff's counter-motion for summary judgment, Doc. 20, is DENIED AS MOOT; and

      (4) Federal Defendants' motion to dismiss the Solicitor's Office as a defendant is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated:  __**February 3, 2016**__          __**/s/ Lawrence J. O'Neill**__
                                       UNITED STATES DISTRICT JUDGE